IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KENNETH SMITH,

    Petitioner,

:

Case No. 1:12-cv-196

:

    -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

FRANCISCO PINEDA, Warden,

:

    Respondent.

# REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *In re: Kenneth W. Smith*, ___ F.3d ___, 2012 U.S. App. LEXIS 17926 (2012).

Upon initial review after filing, this Court noted that Petitioner had previously filed a habeas corpus action in this Court challenging the same conviction and sentence which is at issue here (Case No. 1:99-cv-832). The final judgment of this Court denying relief had been affirmed on appeal by the Sixth Circuit. *Smith v. Mitchell,* 567 F.3d 246 (6th Cir. 2009), and the Supreme Court had denied a petition for writ of certiorari. *Smith v. Mitchell*, 130 S. Ct. 742 (2009).

*Prima facie,* then, it appeared that this was a second or successive petition of which this Court would not have jurisdiction in the absence of permission from the Sixth Circuit. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147 (2007). To determine whether there was jurisdiction for this Court to proceed, the Magistrate Judge transferred the case to the Court of Appeals

1

pursuant to *In re Sims,* 111 F.3d 45 (6th Cir. 1997).

>The Sixth Circuit held that this was error:

>>Our opinion in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), which came before the Supreme Court's long line of cases clarifying the meaning of "successive," does not hold that district courts may transfer a numerically second petition to the court of appeals to decide in the first instance whether the petition is "successive" under § 2244(b). Indeed, that would contradict the clear language in *Martinez-Villareal* and subsequent cases that a district court may (and should) rule on newly ripe claims and is "not required to get authorization" from the court of appeals before doing so. 523 U.S. at 644. Instead, *Sims* instructs district courts to transfer only "successive" petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.

>>Here, however, the district court never ruled that Smith's petition was successive and therefore that the district court lacked jurisdiction. Instead, the district court was "in doubt" of its jurisdiction over the petition, and because the issue was "unclear," decided to transfer the petition to us to decide the jurisdictional question. R. 10 (Order at 4-6) (Page ID #128-30). The district court suggested that "the Judicial Code offers a plainly available method *to determine* jurisdiction," but cites only *Sims. Id*. at 6 (emphasis added) (Page ID #130). We have found no rule, statute, or case that permits a lower court to transfer a case to an appellate court when it is uncertain of its jurisdiction for an advisory ruling. As discussed above, *Sims* offers instructions on what district courts should do *after* determining that a lower court lacks jurisdiction; *Sims* does not create a mechanism for uncertain district courts to transfer petitions to us for guidance on their jurisdiction to hear a case.

*Id*. at *2-3. *Sims* was decided ten years before the Supreme Court held in *Burton v. Stewart, supra*, that district courts lack jurisdiction to consider habeas petitions which are determined to be second or successive. This is a capital case and thus will, if experience is any guide, take considerable time to adjudicate. If this Court determines it has jurisdiction and adjudicates the case on the merits, but the Court of Appeals later determines our Court did not have jurisdiction

2

because the Petition is a second or successive petition, it is not clear that the appellate court can retroactively grant permission to proceed.  It was this risk that led the Magistrate Judge to transfer the case in the first place.  If this Court assumes jurisdiction in error, there will be a far greater drain on judicial economy than that hypothesized by Judge Clay in his concurrence, to wit, the drain that would be occasioned if this Court determined in the first instance that the Petition was second or successive and transferred it again under *Sims* for appellate permission to proceed.

The panel majority could find "no rule, statute, or case that permits a lower court to transfer a case to an appellate court when it is uncertain of its jurisdiction for an advisory ruling." *Id*.  at *3.  Without formally saying so, this implies the Court of Appeals concluded it had no jurisdiction to consider the second or successive question on this Court's transfer, for it has long been held that federal courts have no jurisdiction to provide advisory rulings.  *See, e.g., Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

Thus instructed by the Remand Order, this Court must proceed to determine whether the Petition is second or successive.  The parties have previously briefed this question:  Petition (Doc. No. 1-2, PageID 45-48); Warden's Memorandum in Opposition (Doc. No. 6); Petitioner's Reply (Doc. No. 9).

28 U.S.C. § 2244, as modified by the  Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

>  (b) (1) A claim presented in a second or successive habeas corpus application under section 2254  that was presented in a prior application shall be dismissed.
>
>  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

3

>>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>>(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Language in rules is not self-interpreting, and this language from the AEDPA has spawned much interpretive jurisprudence. The Sixth Circuit recently summarized some of that jurisprudence in *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011):

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (*quoting Slack v. McDaniel,* 529 U.S. 473, 486, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the

4

> two petitions as "only one application for habeas relief[.]" Id. at 643. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id*. at 945. In *Magwood v. Patterson*, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id.* at 2797-98.

*Id.* at 376-377.

The Petition herein pleads three Grounds for Relief:

> **First Ground for Relief:** Smith's execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Second Ground for Relief:** Smith's execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.
>
> **Third Ground for Relief:** Smith's execution by Ohio's lethal injection protocol will violate his rights under the First, Sixth, Eighth and Fourteenth amendments.

(Petition, Doc. No. 2, PageID 52.) All three Grounds for Relief relate to Ohio's "lethal injection protocol" (Explanation at Petition, Doc. No. 2, PageID 55). Petitioner asserts that he could not have raised these claims in his initial habeas case because they did not become ripe until "very recently" *(Id.* at PageID 84), or "within the last several months" (Reply Memorandum, Doc. No. 9, PageID 113). He notes that when he initially filed in 1999, "Ohio's current lethal injection protocol, adopted on September 18, 2011, did not exist. . . ." *Id.* Furthermore, he alleges that relevant facts were learned for the first time during a hearing on June 29, 2011, before Judge Gregory Frost of this Court in *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1106,

5

litigation under 42 U.S.C. § 1983 challenging Ohio's lethal injection protocol(s).

Responding to the Petition, the Warden asserts that it is a second or successive petition or, in the alternative, should be dismissed as an abuse of the writ. Although Petitioner has replied to the abuse of writ arguments, they are not further considered in this Decision because the Warden has made no motion to dismiss on that basis.

There is no doubt that Petitioner's collateral attack in the present case is on the same conviction and capital sentence he attacked in Case No. 1:99-cv-832 and on which the judgment of this Court is final. The actual method by which his execution is to be carried out is not part of the judgment of conviction; in that regard he is not different from other Ohio capital defendants. Thus there is no amended judgment or new judgment a challenge to which would be outside the "second or successive" prohibition. *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

As the Warden notes, lethal injection was adopted as an alternative method of execution in Ohio in 1993, before Smith's original Petition, and made the exclusive method of execution in 2001 while Smith's original Petition was pending in this Court. See Ohio Revised Code § 2949.22. If the challenge were to lethal injection in general, it could have been raised in the initial Petition or by amendment in 2001. But the challenge is instead to execution by lethal injection under the particular protocol presently in place as a matter of Ohio law.[1] Smith clearly could not have challenged the present protocol until after it was adopted in September 2011.

In *Magwood v. Patterson, supra*, the Supreme Court decided that the limitation on second or successive applications in 28 U.S.C. § 2244(b) did not apply to applications attacking new state

---

[1] The Warden assumes "solely for the sake of argument" that these claims are cognizable in habeas corpus. (Memo. in Opp. Doc. No. 6, PageID 96). This issue is being litigated between the State of Ohio and other capital habeas petitioners in other habeas corpus cases pending before this Court and is not considered further in this Report.

6

court judgments in cases which had already been adjudicated once in habeas corpus.  Magwood had obtained a conditional writ vacating his death sentence, but not the underlying conviction. After a second sentencing proceeding, held in compliance with the conditional writ, he was again sentenced to death.  The Court agreed that his first application challenging the new judgment which embodied the second capital sentence was not a second or successive application.

Respondent reads *Magwood* to mean that if the new application attacks the same judgment as the first application, it must be a second or successive application.  The Court specifically disclaimed reaching that question:

> This case does not require us to determine whether § 2244(b) applies to every application filed by a prisoner in custody pursuant to a state-court judgment if the prisoner challenged the same state-court judgment once before. Three times we have held otherwise. See *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000);*Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998); *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007). The dissent's claim that our reading of § 2244(b) calls one of those decisions, *Panetti*, into doubt, see ___, post, at ___ - 177 L. Ed. 2d, at 613, is unfounded. The question in this case is whether a first application challenging a new sentence in an intervening judgment is second or successive. It is not whether an application challenging the same state-court judgment must always be second or successive.

130 S. Ct. at 2811, n. 11.   In other words, the Court continued to recognize the vitality of its prior cases holding that sometimes a new attack on an old judgment will not be a second or successive application requiring Circuit pre-approval.

In response, Smith relies on *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007) (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998); *In re Salem*, 631 F.3d 809, 812, 815 (6th

Cir. 2011); *In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010); and *In re Brock*, No. 09-2346, 2010 U.S. App. LEXIS 27235, *3 (6th Cir. June 8, 2010) (Reply, Doc. No. 9, PageID 109).

In *In re Jones*, 652 F.3d 603 (6th Cir. 2010), the circuit court held that the § 2244(b) limitations did not apply to a numerically second petition challenging on *ex post facto* grounds a parole determination or disciplinary proceeding that occurred after the initial petition was filed attacking the underlying judgment. The court also refused to allow the petitioner to raise in his new petition a jury selection claim which was available to him at the time of trial. The court could not consider the application of *Magwood* because it was not decided until several months later. *Jones* is not clearly dispositive here because it does not discuss whether the petitioner could or should have added his *ex post facto* claims by amendment to the original case. Most non-capital habeas litigation is concluded, of course, much more rapidly than capital cases, so that question may not arise in non-capital cases. No law has been cited to this Court as to whether an amendment alternative is relevant on the "second or successive" question, although attempting to reopen the judgment in the prior case to add a new claim would clearly raise second or successive questions under Fed. R. Civ. P. 60(b). *See Gonzalez v. Crosby,* 545 U.S. 524 (2005).

As presently pled, Smith's new claims arise from Ohio's adoption of a new execution protocol on September 18, 2011, after the Court of Appeals affirmed the dismissal of his prior petition. That set of facts fits squarely within the Sixth Circuit precedent cited above applying *Panetti* and *Martinez-Villareal* to varieties of later-arising or later-ripening claims other than competency to be executed. The Court should conclude that the instant Petition is not a second or successive petition within the meaning of § 2244(b) and proceed with its adjudication. This

8

conclusion is consistent with Judge Clay's concurrence in the Remand Order. *In re: Smith,* 2012 U.S. App. LEXIS 17926 at *7, citing *Bowen*, 436 F.3d at 705-06.

This analysis is not meant to imply any conclusion on other issues involved with the case, including, for example, whether the Petition states a claim upon which habeas corpus relief can be granted and the relationship of this case to *In re Ohio Execution Protocol Litigation*, No. 2:11-cv-1016, in which Smith is an intervening plaintiff.

August 27, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).