# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENNETH SMITH,

:

    Petitioner,

Case No. 1:12-cv-196

:

  -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

FRANCISCO PINEDA, Warden,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on the Warden's Objections (Doc. No. 13) to the Magistrate Judge's Report and Recommendations (the "Report,"Doc. No. 11) recommending that this Court determine that the Petition herein is not a second or successive petition within the meaning of 28 U.S.C. § 2244(b). Petitioner has filed a Response (Doc. No. 15) and Judge Rose has recommitted the matter for reconsideration in light of the Objections (Doc. No. 16).

The Report addresses an issue which goes to this Court's subject matter jurisdiction because we do not have jurisdiction over a second or successive petition without pre-approval from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147 (2007). The issue is therefore "dispositive" and District Court review of the Report must be *de novo*, as the Warden notes.

The specific question considered in the Report was the question posed by the remand from the Sixth Circuit, "a determination in the first instance of whether Smith's claims are

successive within the meaning of § 2244(b)." *In re: Kenneth W. Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

The Warden's first objection is essentially that Smith's claims are not cognizable in habeas corpus (Objections, Doc. No. 13, PageID 151-155). That is an objection to an issue not addressed in the Report. Furthermore, all of the judges of this Court who have considered the question, including Judge Rose, have found that the claims are cognizable. See cases cited at Response, Doc. No. 15, PageID 172.

The Warden's second objection is that the instant Petition is second or successive because it challenges the same judgment previously challenged in Smith's first habeas petition in Case No. 1:99-cv-832. The Report concluded that this fact was not determinative because the Petition relied on facts arising from Ohio's adoption of a new lethal injection execution protocol on September 18, 2011, after the Sixth Circuit affirmed dismissal of the petition in the prior case. The Report reasoned that this meant the new petition fit within Sixth Circuit precedent "applying *Panetti [v. Quarterman]*, 551 U.S. 930, 943-44 (2007) and *[Stewart v.] Martinez-Villareal* [523 U.S. 637 (1998)] to varieties of later-arising or later-ripening claims other than competency to be executed." (Report, Doc. No. 11, PageID 137-139.) The Warden argues those cases are readily distinguishable (Objections, Doc. No. 13, PageID 158-159). The cited cases are distinguishable on the facts, but in neither case was there a new intervening state court "judgment" involved. The fact remains that, without filing a new habeas petition, Smith's only way to attack categorically the new lethal injection protocol would have been to move to reopen the judgment in the prior case. That mode of proceeding would have been no more and no less subject to the second-or-successive objection than the method Smith chose. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

The Warden's third objection is to permitting Smith to "simultaneously litigate his claims in habeas corpus and in a separate proceeding under Title 42 § 1983," the lethal injection protocol case pending before Judge Frost. This also is not an issue on which the Report made a recommendation and therefore is not properly raised in an objection to the Report.

Having reconsidered the matter in light of the Warden's Objections, the Magistrate Judge again respectfully recommends that the Court find, on remand from the Sixth Circuit, that the instant Petition is not barred as a second-or-successive petition under 28 U.S.C. § 2244.

October 26, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).