# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENNETH SMITH,

                  Petitioner,           :     Case No. 1:12-cv-196

     - vs -                           District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

FRANCISCO PINEDA, Warden,
 Franklin Medical Center

                               :
                  Respondent.

# DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File a Second Amended Petition (ECF No. 60). The Warden opposes the Motion (ECF No. 61) and Smith has filed a Reply in support (ECF No. 62). Motions to amend under Fed. R. Civ. P. 15 are non-dispositive and therefore within the decisional authority of an assigned Magistrate Judge in the first instance.

Smith's Motion is premised on the adoption by Ohio of a revised lethal injection protocol on June 29, 2015. Smith reminds us that Court has previously permitted amendments to capital habeas petitions on the adoption of revised protocols (ECF No. 60, PageID 1610-11, citing numerous capital habeas corpus cases).

The significant change in the law since the cited decisions of this Court is the Supreme Court's decision in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015). Smith argues that *Glossip* changes nothing with respect to this Court's reliance on *Adams v.*

*Bradshaw,* 644 F.3d 481 (6th Cir. 2011), to allow amendments of this sort.  But in a series of decisions over the last month beginning with *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 4, 2015), this Court has questioned whether its reliance on *Adams* to allow the same claim to be pled in both § 1983 and habeas can survive the *Glossip* decision.  See also *Bays v. Warden*, 2015 U.S. Dist. LEXIS 127511 (S.D. Ohio, Sept. 23, 2015); *Campbell v. Jenkins*, 2015 U.S. Dist. LEXIS 125772 (S.D. Ohio Sept. 21, 2015); *Chinn v. Warden*, 2015 U.S. Dist. LEXIS 127515); *Franklin v. Robinson,* 2015 U.S. Dist. LEXIS 120595 (S.D. Ohio Sept. 10, 2015); *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (S.D. Ohio Sept. 11, 2015); *Raglin v. Mitchell,* 2015 U.S. Dist. LEXIS 125768 (S.D. Ohio Sept. 15, 2015); *Tibbetts v. Warden*, 2015 U.S. Dist. LEXIS 127485 (S.D. Ohio Sept. 23, 2015); and *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015).

Some of these decisions also raise the question whether this Court's holding that second-in-time habeas corpus lethal injection petitions are not second or successive petitions (on the theory that they are newly arising because of new lethal injection protocols) can survive the clearer distinction between § 1983 method-of-execution claims and habeas corpus lethal injection validity claims made by *Glossip*.

Finally, the same newly arising theory has grounded this Court's holding that new lethal injection habeas corpus petitions are not barred by the statute of limitations.  However, *Glossip* calls this theory into question.  If an Ohio death row inmate has faced execution exclusively by lethal injection since late 2001,[1] how can a challenge to any possible execution by lethal

---

[1] It was in response to John Byrd's calling the State's bluff about electrocution in late 2001 that the legislature removed the electric chair as an option an inmate could choose.

injection be timely when filed more than a year after that change, at least for anyone whose state court remedies were exhausted by that time?

Rather than decide these questions on the current state of the record, the Court prefers to permit counsel to develop them fully in light of what it has written over the last month about the impact of *Glossip*. Accordingly, the Motion to Amend is DENIED without prejudice to its renewal not later than October 30, 2015. Any renewed motion to amend must show clearly the distinction between theproposed lethal injection validity claims[2] and parallel method of execution claims made by Smith as a plaintiff in *In re Ohio Lethal Injection Protocol Litig.*, Case No. 2:11-cv-1016.

September 29, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] The Court thanks Petitioner's counsel for eschewing the label "LI-habeas claim" which had been tentatively adopted by them.