# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENNETH SMITH,

        Petitioner,  :  Case No. 1:12-cv-196

  - vs -                  District Judge Thomas M. Rose
                            Magistrate Judge Michael R. Merz

FRANCISCO PINEDA, Warden,
  Franklin Medical Center

                            :

        Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION

      This capital habeas corpus case is before the Court on Petitioner's Objections to/Appeal of (Objections, ECF No. 105) the Magistrate Judge's Memorandum Opinion and Transfer Order transferring this case to the Court of Appeals for the Sixth Circuit (Transfer Order, ECF No. 103). The Warden has responded to the Objections/Appeal (ECF No. 107) and District Judge Rose has recommitted the matter for reconsideration in light of the Objections/Appeal (ECF No. 106).

      Petitioner's Objections are considered seriatim below.

**First Objection: A Magistrate Judge Lacks Authority to Transfer a Second-or-Successive Habeas Application**

      Smith first objection reads, "Like [sic] before in this case, the Magistrate Judge's ruling should be reviewed *de novo* because it was dispositive of Smith's lethal injection claims and thus should have been a Report and Recommendation, not an Opinion and Transfer Order."

(Objections, ECF No. 105, PageID 2587.)

In support, Smith argues first that prior practice in this case was to treat second-or-successive transfer questions as dispositive and to have the Magistrate Judge file a Report and Recommendations instead of deciding the matter (Objections, ECF No. 105, PageID 2588). Actually, what first happened was that the Magistrate Judge decided it was unclear whether the original Petition here was second-or-successive and transferred the case to the Sixth Circuit (ECF No. 10). The Sixth Circuit never questioned the authority of the Magistrate Judge to enter that Order but instead held the question whether a petition is second-or-successive must be decided in the first instance by a district court. *In re: Kenneth Smith,* 690 F.3d 809 (6th Cir. 2012).

Petitioner is correct that on remand the Magistrate Judge filed a Report and Recommendation on the second-or-successive question without discussing the issue of whether that question was dispositive or not. *Smith v. Warden*, 2012 U.S. Dist. LEXIS 121019 (S.D. Ohio Aug. 27, 2012). The Warden objected to that Report and argued that review must be de novo. The Magistrate Judge agreed that the second-or-successive issue was jurisdictional and therefore dispositive (Supplemental Report, ECF No. 17, PageID 178). Moreover, Judge Rose reviewed the Report and Supplemental Report de novo (ECF No. 20, PageID 206-07).

Without citing the doctrine by name, Petitioner argues the law-of-the-case doctrine requires the same ruling here: "The previous rulings by the Magistrate Judge and the District Judge in this case, however, still control . . . ." (ECF No. 105, PageID 2589.) Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly

defined, the [law-of-the-case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

A great deal of litigation over the second-or-successive question has occurred in the five years since the prior ruling. For reasons given in other capital cases, the Magistrate Judge is now persuaded that a motion to transfer a habeas petition as second-or-successive is not the functional equivalent of a motion to dismiss for lack of jurisdiction. See, e.g., *Tibbetts v. Warden*, 2017 U.S. Dist. LEXIS 51968 (S.D. Ohio Apr. 5, 2017). Nevertheless, the law-of-the-case doctrine cautions against further litigating that question in this case. The Magistrate Judge therefore agrees that the District Judge's review should be de novo.

**Second Objection: This Court is Bound by Its Prior Decision that the Petition is Not Second-or-Successive**

Petitioner notes that District Judge Rose previously adopted the Magistrate Judge's conclusion that the Petition in this case is not second-or-successive on the basis of *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011).[1] (Objections, ECF No. 105, PageID 2591.) Here

---

[1] There are three published opinions of the Sixth Circuit in Stanley Adams' habeas corpus case: *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I, Adams II*, and *Adams III* respectively.

Petitioner makes an explicit law-of-the-case argument. *Id.* at PageID 2592.

The law-of-the-case doctrine is not an inexorable command. "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436, 444 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6th Cir. 1995). "At the trial level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment. Prejudgment orders remain interlocutory and can be reconsidered at any time." 1B Moore's Federal Practice ¶0.404 (1982).

The Magistrate Judge's prior position that the Petition herein is not second-or-successive was wrong. As noted above, there has been a great deal of litigation on the second-or-successive question in the five years since that ruling was made, both in capital cases which have become final on a first petition and in cases under 28 U.S.C. § 2255 because of *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Magistrate Judge's original thinking on this question was misguided because of the argument that habeas corpus cases raising lethal injection method of execution claims were procedurally the same as § 1983 cases raising those claims. For example, in the time before *Glossip v. Gross,* 135 S.Ct. 2726 (2015), the Magistrate Judge routinely allowed habeas corpus amendments any time Ohio's lethal injection protocol was amended. The Sixth Circuit has continued to permit lethal injection invalidity claims to be made in habeas corpus cases. *Adams [III]v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), *cert denied, sub nom. Adams v. Jenkins*, 137 S. Ct. 814 (2017). But that court has not conflated habeas and civil rights procedures in the manner this Court allowed under *Adams I.* It has expressly rejected the argument that adoption of a new lethal injection protocol is a newly arising predicate which avoids the second-or-successive bar. *In re: Lawrence Landrum*, 2017 U.S. App. LEXIS 6035

(6th Cir. Feb. 13, 2017). In addition, the Sixth Circuit has expressly held that a motion to amend can itself be a second-or-successive habeas application which must be transferred. *Moreland v. Robinson,* 813 F.3d 315 (6th Cir. 2016).

For the reasons given in the Transfer Order and discussed below, the instant Petition and Motion to Amend are second or successive. The Magistrate Judge's error in thinking differently when the case was filed does not prevent making a correct decision now. In other words, "I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday." *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751, 2793 n.11 (2014) (Ginsburg, J., dissenting) (*quoting Massachusetts v. United States*, 333 U.S. 611, 639-40 (1948) (Jackson, J., dissenting) (internal quotation marks omitted).

**Third Objection: Smith's Claims Are Not Second-or-Successive**

    **A.**    **The Health Conditions Are Newly Arising Argument**

Smith claimed in his Motion to Amend that his amended petition "will also include the details of his health characteristics" (ECF No. 100, PageID 2368). The Transfer Order concluded this could be analogous to the asserted changes in mental competence found to make a new petition not second or successive in *Panetti v. Quarterman,* 551 U.S. 930 (2007)(ECF No. 103, PageID 2569). The Order also noted that, unlike *Panetti,*[2] the proposed amended petition "does not relate Smith's health conditions to any Supreme Court precedent holding that execution of a person with such conditions will violate the Eighth Amendment." *Id.* at PageID

---
[2] The new claim in *Panetti* was a claim that the mentally incompetent cannot be lawfully executed, a right recognized in *Ford v. Wainwright*, 477 U.S. 399 (1986).

5

2570.

Smith objects by pointing to Judge Clay's concurrence in the remand in this case (Objections, ECF No. 105, PageID 2599-600); Judge Clay would have accepted the transfer and found that Smith's original Petition in this case was not second or successive because of Smith's 2009 diagnosis of laryngeal cancer, the results and treatment of which "would create unconstitutionally extreme and unnecessary pain" in a lethal injection execution. To show that these allegations rise to the level of an Eighth Amendment violation, Smith cites *Baze v. Rees*, 553 U.S. 35 (2008), once again attempting to conflate habeas corpus and civil rights procedure. *Baze* was a § 1983 case. Smith is a plaintiff in this District's § 1983 lethal injection litigation, *In re: Ohio Execution Protocol Litig.*, Case No.2:11-cv-1016. As the Transfer Order observes, "[t]he Court has no doubt that newly arising claims and newly occurring or newly discovered evidence are perfectly proper in the § 1983 case." (ECF No. 103, PageID 2570).

### B. The Cumulative Evidence Argument

Smith objects that "the cumulative evidence necessary for Smith to raise ripe lethal injection invalidity claims did not exist until after his initial habeas corpus proceedings were completed." (Objections, ECF No. 105, PageID 2603.) While admitting that "*Adams III* does not directly relieve him of this burden" of satisfying the second-or-successive requirement, Smith argues the "logic undergirding the court's holding in *Adams III* establishes why Smith's petition is not second or successive. . . ." *Id.* at PageID 2604-05.

If the Sixth Circuit wishes to adopt that logic, it can easily say so. As the Transfer Order points out, for this Court to adopt that logic runs the very substantial risk that the Sixth Circuit

6

will someday disagree, conclude that this Court has adjudicated this case without jurisdiction,[3] and tell us we have wasted the time and effort involved in that adjudication. That delay poses no risk to any death row habeas petitioner.

Smith's logic in this section of the Objections portends future motions to amend. Although he says he had to accumulate a sufficient body of evidence to make his lethal injection invalidity claims, he has in no way foreclosed amending again when he has more evidence, e.g. a new Ohio lethal injection protocol or a new Equal Protection claim based on a new asserted deviation from the protocol in place. Under Smith's logic, provided he moves to amend within a year of any such change, the habeas corpus statute of limitations will never run and none of those future motions to amend will raise any significant second-or-successive questions. If the Sixth Circuit believes this is a reasonable interpretation of the AEDPA and says so, this Court will faithfully follow it, as it has attempted to follow the *Adams* decisions.

In the Transfer Order, the Magistrate Judge questioned how Smith's proposed Third New Ground for Relief based in the Equal Protection Clause could be newly arising since it had been pleaded in the § 1983 case for years. Smith objects that "a § 1983 Equal Protection Claim was only pleaded for the first time in the § 1983 litigation in January of 2010." (Objections, ECF No. 105, PageID 2609.) Note, however, that the Petition in this case was not filed until March 9, 2012, more than two years after January 2010.

Smith also finds support in *In re: Lawrence Landru*m, 2017 U.S. App. LEXIS 6035 (6th Cir. Feb. 13, 2017). That case originated in this Court as Case No. 2:12-cv-859 and was transferred to the Sixth Circuit as a second-or-successive petition. The Sixth Circuit found Landrum had stated a claim cognizable in habeas in light of *Adams III* and that the petition was

---

[3] It is well established that district courts have no jurisdiction to decide second-or-successive habeas applications. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

second or successive, but refused to grant permission for Landrum to proceed because he had "not identified practices or procedures from the September 2011 protocol that amount to a factual predicate that could not have been discovered previously." *Id.* at *5. Smith says he has identified such "practices, procedures, and other evidence from tipping points that cumulatively establish factual predicates . . . ." (Objections, ECF No. 105, PageID 2611.) If that is so, the Sixth Circuit will speedily tell this Court either that no permission to proceed is necessary or give its permission. See *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); I*n re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017).

### C. The Constructively Amended Judgment Argument

Smith claims that his Petition in this case does not attack the same judgment as his first case did, claiming exemption from second-or-successive status on the basis of *Magwood v. Patterson*, 561 U.S. 320 (2010), and *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). But Smith has no new ink-on-paper judgment. Instead, he claims his February 20, 1996, judgment was constructively amended when Ohio made lethal injection the sole method of on November 21, 2001. The Transfer Order noted "there is no authority for adopting this approach." (ECF No. 103, PageID 2571.) The Objections do not respond with any authority, but rather an extended argument about why it must be so that a change in execution method works a constructive amendment of the judgment (Objections, ECF No. 105, PageID 2612-23).

If the constructive amendment theory is viable, Petitioner suffers no harm in presenting it to the Sixth Circuit on transfer. If he is correct, he will have a precedent usable by other death

row inmates sentenced before November 2011. If he is wrong but this Court accepts his theory, when the Sixth Circuit decides he was wrong (and this Court with him), it will vacate any judgment we enter as void for lack of jurisdiction.

**Fourth Objection: Smith's Claims Are Not an Abuse of the Writ**

The Transfer Order found Smith's lethal injection invalidity claims were an abuse of the writ because they became available to him when Ohio adopted lethal injection as its sole method of execution, November 2011, when his original Petition was still pending (Transfer Order, ECF No. 103, PageID 2571-73).

Smith objects that his health conditions continued to change after judgment in the prior case on August 15, 2005 (Objections, ECF No. 105, PageID 2623). To the extent that the health condition referenced are the laryngeal cancer diagnosis and subsequent treatment, the Magistrate Judge agrees that bringing them in a subsequent petition does not constitute an abuse of the writ as that doctrine is reviewed in *In re: Bowen*, 436 F.3d 609 (2006).

Smith also objects that "changes in facts since 2001, including the watershed change in Ohio's lethal injection protocol on October 7, 2016[,] and other accumulated-evidence tipping points, made his claims newly arising. . . ." (Objections, ECF No. 105, PageID 2623.) This is merely a restatement of Smith's underlying theory about new facts. The Magistrate Judge simply notes that counsel have not defined "tipping point" at all, much less in a way that might somehow be used to limit future claims to be allowed to amend.

**Statute of Limitations**

Smith argued in his Motion to Amend that his claims were not barred by the statute of limitations (ECF No. 100, PageID 2373-82). The Transfer Order declined to decide that question because this Court lacks jurisdiction over second-or-successive matters. Smith objects that if the District Judge rejects the Magistrate Judge's second-or-successive analysis, he is free to decide that question (Objections, ECF No. 105, PageID 2624-25). No further analysis on this point is necessary.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge remains persuaded that this case must be transferred to the Sixth Circuit Court of Appeals.

May 17, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
